UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET,<br><br>Defendant. | Civil Action No. 22-6126 (JXN) (ESK)<br><br>OPINION |

**NEALS**, District Judge:

Currently before the Court is Plaintiff Juan Gonzalez's Complaint [ECF No. 1] and application to proceed *in forma pauperis* [ECF No. 1-1]. Based on the information contained in Plaintiff's application to proceed *in forma pauperis*, the Court finds that leave to proceed in this Court without prepayment of fees is authorized, 28 U.S.C. § 1915, and will therefore order the Clerk of the Court to file Plaintiff's Complaint. As the Court grants Plaintiff's application to proceed *in forma pauperis*, the Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court finds that Plaintiff's Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and will dismiss Plaintiff's Complaint without prejudice to the filing of an amended complaint within thirty (30) days.

I.     **BACKGROUND**

Plaintiff initiated this action on October 18, 2022. Compl, ECF No. 1. In the Complaint, Plaintiff alleges that he was employed at Whole Foods for less than three years when he was terminated. *Id.* As best the Court can construe, Plaintiff alleges that he was terminated for

1

consuming coffee he did not pay for.  As a result, Plaintiff alleges that his "reputation went down the drain[.]" *Id.* at 3.

## II. DISCUSSION

Under Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Each averment in a complaint must likewise be "concise and direct." Fed. R. Civ. P. 8(e)(1).  A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014).  A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)).

Here, Plaintiff's Complaint, which is styled like a letter to his employer, does not assert a viable cause of action.  Plaintiff alleges in conclusory fashion that he was wrongfully terminated from Whole Foods for consuming coffee he did not pay for. *See* Compl. at 2-3.  Although Plaintiff does not directly note it in his Complaint, it appears that Plaintiff is alleging a claim against Whole Foods for wrongful discharge.  "In New Jersey, an employer may fire an employee for good reason, bad reason, or no reason at all under the employment-at-will doctrine. An employment relationship remains terminable at the will of either an employer or employee, unless an agreement exists that provides otherwise." *Russelman v. ExxonMobil Corp.*, No. CIV. 12-752 RBK/AMD, 2012 WL 3038589, at *3 (D.N.J. July 25, 2012) (citing *Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 643 A.2d 546, 552 (N.J.1994) (internal citations omitted)).  Plaintiff has not alleged that such an agreement exists.

Moreover, this Court does not appear to have jurisdiction over Plaintiff's state law claim. Plaintiff has not asserted any claims or causes of action arising under federal law, nor has Plaintiff alleged that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Accordingly, dismissal of Plaintiff's Complaint is warranted under these circumstances. *Ruther*, 556 F. App'x at 92; *Simmons*, 49 F.3d at 86–87. The Court will therefore dismiss the Complaint without prejudice. Plaintiff, however, shall be given leave to amend the Complaint. *Ruther*, 556 F. App'x at 92; *Moss*, 329 F. App'x at 336; *Simmons*, 49 F.3d at 86–87.

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's Complaint shall be filed. As Plaintiff has failed to provide the necessary short and plain statement required by Rule 8, however, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is given leave to file an amended complaint within **thirty (30) days**.[1] An appropriate Order accompanies this Opinion.

Date: November 1, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[1] Should Plaintiff fail to file an Amended Complaint within thirty days, this action will be dismissed with prejudice.